

# Notice of Service of Process

**WAS / ALL**
**Transmittal Number: 14496685**
**Date Processed: 11/23/2015**

| | |
|---|---|
| **Primary Contact:** | Nicholas White<br>JBS USA Holdings, Inc.<br>1770 Promontory Circle<br>Greeley, CO 80634 |
| **Copy of transmittal only provided to:** | Tracey Greenwell |
| **Entity:** | Pilgrim's Pride Corporation<br>Entity ID Number  3265617 |
| **Entity Served:** | Pilgrim's Pride Corporation |
| **Title of Action:** | Lucy Singleton vs. Pilgrim's Pride Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sumter County Court of Common Pleas, South Carolina |
| **Case/Reference No:** | 2015-CP-43-2567 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 11/20/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Shannon Polvi<br>803-799-9530 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**J. LEWIS CROMER & ASSOCIATES L.L.C.**
ATTORNEYS AND COUNSELORS AT LAW

J. LEWIS CROMER
JULIUS W. BABB, IV  •  J. PAUL PORTER
ASHLEY C. STORY  •  RYAN K. HICKS  •  SHANNON M. POLVI

November 18, 2015

**Certified Mail, Return Receipt Requested**          *Receipt #7013 2250 0002 3731 9463*
Corporation Service Company
Registered Agent for Pilgrim's Pride Corporation
1703 Laurel Street
Columbia, SC  29201

    Re:    *Lucy Singleton vs. Pilgrim's Pride Corporation*
            Case No. 2015-CP-43-2567

Dear Sir or Madam:

    Please find enclosed and served upon you as the Registered Agent for Pilgrim's Pride Corporation is a filed copy of the Civil Action Coversheet, Summons, and Complaint in connection with the above referenced matter. Please remit to Pilgrim's Pride Corporation's legal representative as soon as possible.

    With kind regards, I remain

                                      Sincerely,

                                      Iris W. Ray
                                      Litigation Paralegal

/iwr
Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SUMTER | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT<br>C/A NO. 2015-CP-43-2567 |
| Lucy Singleton,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Pilgrim's Pride Corporation,<br><br>　　　　　　　　Defendant. | **CERTIFICATE OF SERVICE** |

The undersigned employee of J. Lewis Cromer & Associates, L.L.C., attorneys for the Plaintiff, does hereby certify that I have on this the 18th day of November, 2015, served a copy of the Civil Action Coversheet, Summons and Complaint in the above captioned action by mailing a copy of the same via United States Mail, certified mail, return receipt requested, postage pre-paid, to the Registered Agent as shown below:

**Certified Mail, Return Receipt Requested**　　　*Receipt #7013 2250 0002 3731 9463*
Corporation Service Company
Registered Agent for Pilgrim's Pride Corporation
1703 Laurel Street
Columbia, SC  29201

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Iris W. Ray
　　　　　　　　　　　　　　　　　　　　Litigation Paralegal

Columbia, South Carolina

COPY

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | ) | THIRD JUDICIAL CIRCUIT |
| Lucy Singleton, | ) | C/A No.: 2015-CP-43-2567 |
| vs. | ) | CIVIL ACTION COVERSHEET |
| Pilgrim's Pride Corporation, | ) | |
| Defendant. | ) | |

RECORDED
2015 NOV 16 PM 2:18
JAMES C. CAMPBELL
CLERK OF COURT
SUMTER COUNTY, S.C.

Submitted By: Shannon Polvi, Esquire
Address: J. Lewis Cromer & Associates, L.L.C
1418 Laurel Street, Suite A (29201)
P.O. Box 11675
Columbia, SC 29211-1675

SC Bar #: 101837
Telephone #: 803-799-9530
Fax #: 803-799-9533
Other:
E-mail: spolvi@jlewiscromerlaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☒ Other (699)–Gender and Disability Discrimination, and FMLA Retaliation | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_    Date: **November 11, 2015**

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   You must comply with the Supreme Court Rules regarding ADR.
    **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) THIRD JUDICIAL CIRCUIT
COUNTY OF SUMTER )

RECORDED
2015 NOV 13 PM 2:18
JAMES C. CAMPBELL
CLERK OF COURT
SUMTER COUNTY, S.C.

Lucy Singleton,

    Plaintiff,

v.

Pilgrim's Pride Corporation,

    Defendant.

C/A No.: 2015-CP-43-02567

**SUMMONS**

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

            **J. LEWIS CROMER & ASSOCIATES, L.L.C.**

            BY: _____
            Shannon Polvi (#101837)
            1418 Laurel Street, Suite A (29201)
            Post Office Box 11675
            Columbia, South Carolina 29211
            Phone 803-799-9530
            Fax  803-799-9533
            *Attorneys for Plaintiff*

November 11, 2015
Columbia, South Carolina

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF SUMTER ) THIRD JUDICIAL CIRCUIT
) CASE NO. 2015-CP-43-02567

Lucy Singleton,

        Plaintiff,

v.

Pilgrim's Pride Corporation,

        Defendant.

**COMPLAINT**
(Jury Trial Demanded)

RECORDED 2015 NOV 13 PM 2:18
JAMES C. CAMPBELL
CLERK OF COURT
SUMTER COUNTY, S.C.

Plaintiff, by and through the undersigned counsel, complaining of Defendant herein, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Lucy Singleton ("Singleton") is a citizen and resident of the County of Sumter, State of South Carolina.

2. Defendant Pilgrim's Pride Corporation ("Pilgrim's Pride") provides food production in Sumter County, South Carolina.

3. The majority of events alleged herein happened or took place in the County of Sumter, State of South Carolina and jurisdiction is proper.

4. Singleton has exhausted her claims at the administrative level and has received proper notice of right to sue from the Equal Employment Opportunity Commission and this action is timely brought.

## FACTS

5. A predecessor of Pilgrim's Pride hired Singleton in August 1997. Singleton began her employment as a Processor.

6. Pilgrim's Pride acquired the Sumter factory where Singleton worked.

1

7. During her employment with Pilgrim's Pride, Singleton was promoted to Lead Helper and later to Production Supervisor.

8. Singleton's supervisor, Soy Seoun ("Seoun"), treated Singleton differently and worse on the basis of her gender (female). Examples of the treatment by Seoun include but are not limited to: an involuntary transfer of Singleton from second shift to first shift; negative statements about Singleton; during a lunch break shift for the company holiday party all of the others lines were allowed to leave for the break, whereas, Singleton's line had to continue working and rotate their breaks; and Seoun instructed other supervisors not to help Singleton if she needed help.

9. Singleton suffers from right knee arthritis and pain in her right leg.

10. Singleton was on FMLA medical leave due to right knee issues from October 21, 2014 through November 14, 2014.

11. On November 20, 2014, Singleton was given a pretextual Performance Improvement Plan ("PIP"), which was less than a week after she returned from FMLA medical leave.

12. The PIP was the first such reprimand Singleton had received in her more than seventeen (17) years of employment for Pilgrim's Pride and its predecessors. Singleton was an excellent and dedicated employee and the PIP was unjustified and inaccurate.

13. The PIP stated that Singleton had ninety (90) days to meet the objectives; however, Singleton was involuntarily terminated on December 22, 2014. If Singleton had been given ninety (90) days, she would still have been employed up to and after February 18, 2015. Instead, Singleton's employment was terminated only twenty-one (21) days after the November 20, 2014 PIP.

2

14. On Tuesday, November 18, 2014, after Singleton returned from medical leave, Singleton was treated unfairly and disparately. The treatment was so targeted that Singleton was visibly upset and was crying. Therefore, Singleton went to the company's nurse, Mary McBride ("McBride").

15. Singleton met with McBride twice.

16. On Friday, November 21, 2014, the work environment was so stressful that Singleton sought further medical care at Cedars Medical Clinic. Singleton was prescribed medication.

17. On Monday, November 24, 2014, Singleton informed McBride about the prescription.

18. The hostile treatment toward Singleton continued to worsen even though Singleton was reaching her required 100% quality assurance in the daily samples of the food cutting product and meeting other metrics for the company.

19. In the span of one week the grandmother of Singleton's children, her former mother-in-law, Mrs. Mary Louise Goodman, and one of the employees Singleton supervised, Miss Barbara Ann Roundtree, passed away. Singleton was close to both women and attended both of their funerals. Mrs. Goodman's funeral was on December 21, 2014 and Miss Roundtree's funeral was on December 23, 2014 and Singleton's employment was involuntarily terminated on December 22, 2014, the day in between the two funerals.

20. On Friday, December 19, 2014, due to the hostile work environment Singleton was facing, she inquired about a demotion to Mr. Soy Soeun and Mr. Patrick Bright, both Unit Managers. Singleton's inquiry about a voluntary demotion was denied; whereas, other male supervisors and not disabled supervisors were given demotions and/or were not terminated.

3

21.     Thereafter, Singleton was involuntarily terminated on Monday, December 22, 2014.

22.     Upon information and belief, Singleton's position was replaced by a male, Leo Listandas.

## FOR A FIRST CAUSE OF ACTION
(Gender Discrimination; 42 U.S.C. § 2000e *et seq.* and amendments thereto)

23.     Where not inconsistent herewith, Singleton realleges the foregoing paragraphs.

24.     Singleton was subjected to a hostile environment committed and caused by Soy Seoun, an employee of Pilgrim's Pride, who had formal supervisory authority over Singleton. Pilgrim's Pride directly encouraged and did not do enough to prevent Seoun's harassment of Singleton.

25.     The termination of Singleton, the adverse actions taken against her and the treatment accorded to her was disparate and discriminatory and male employees of Pilgrim's Pride that were similarly situated were not treated in the same manner as Singleton because of her gender, which constitutes prohibited conduct under Title VII and amendments thereto and amounts to unlawful gender discrimination.

26.     As a direct and proximate result of the actions and inactions of Pilgrim's Pride, Singleton was terminated, has suffered loss of wages, a loss of earning capacity, a loss of benefits, as well as reputational loss and mental and emotional suffering. Singleton is entitled to compensatory damages, equitable relief, an award of attorney's fees and costs, pre-judgment interest, as well as punitive damages for intentional discrimination by Pilgrim's Pride.

## FOR A SECOND CAUSE OF ACTION
(Disability Discrimination, 42 U.S.C. § 12101 *et seq.*, and amendments thereto)

27.     Where not inconsistent herewith, Singleton realleges the foregoing paragraphs.

28.   Singleton was diagnosed with right knee arthritis with resulting symptoms, depression, and stress, recognized disabilities under the ADA, and was treated for these disabilities during the time she worked for Pilgrim's Pride.

29.   Pilgrim's Pride was on notice of Singleton's disabilities.

30.   After Singleton returned to work after medical leave due to right knee issues from October 21, 2014 through November 14, 2014, Singleton was treated differently and Pilgrim's Pride perceived her as having a disability.

31.   On multiple occasions Singleton spoke to Pilgrim's Pride agents and employees about her disabilities and she requested accommodation for her disabilities. Singleton made accommodation requests to Mary McBride, the company's nurse, Soy Soeun, Singleton's direct supervisor and Unit Manager, and Patrick Bright, another Unit Manager. Singleton's accommodation requests included: changes to the treatment she was receiving in the workplace, changes to the duties she was fulfilling, and a request for a voluntary position demotion. Such accommodation requests were denied.

32.   The disparate treatment and termination of Singleton due to her disabilities is an unlawful violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and amendments thereto, for which Pilgrim's Pride is liable.

33.   As a direct and proximate result of the violations of her civil rights under the ADA by Pilgrim's Pride, Singleton suffered actual damages in the form of lost wages and benefits, and compensatory and other intangible damages, including the loss of her earning capacity. Singleton is entitled to an award of punitive damages for the willful and intentional acts of Pilgrim's Pride through its agents and employees, for pre-judgment interest, equitable relief, and reasonable attorney's fees and costs of this cause of action.

## FOR A THIRD CAUSE OF ACTION
### (FMLA Retaliation)

34. Where not inconsistent herewith, Singleton realleges the foregoing paragraphs.

35. Singleton was a qualified individual under the FMLA and went on medical leave for a medical condition from October 21, 2014 through November 14, 2014.

36. On November 20, 2014, Singleton was given a pretextual Performance Improvement Plan ("PIP") less than a week after she returned from FMLA medical leave.

37. The PIP stated that Singleton had ninety (90) days to meet the objectives; however, Singleton was involuntarily terminated on December 22, 2014. If Singleton had been given ninety (90) days, she would still have been employed up to and after February 18, 2015. Instead, Singleton's employment was terminated only twenty-one (21) days after the November 20, 2014 PIP.

38. There is a causal connection between Singleton taking medical leave and the adverse employment actions she suffered.

39. The reason given for Singleton's termination was false and pretextual as Singleton was terminated for exercising her rights pursuant to the FMLA.

40. The PIP, retaliatory conduct, and termination constitute a willful and knowing violation of the FMLA.

41. As a direct result and consequence of the willful violation of the FMLA by Defendant Pilgrim's Pride, Singleton lost her job. Singleton is entitled to back pay, front pay, employment benefits, actual monetary losses, liquidated damages, attorney's fees and costs, pre-judgment interest, equitable relief, and all other relief she may be entitled to under the FMLA.

WHEREFORE, Plaintiff Lucy Singleton is informed and believes that she is entitled to judgment in an amount equal to the sum of her actual and compensatory damages, including

back pay, front pay, lost benefits and retirement, and embarrassment, humiliation, pain and suffering and mental anguish in amounts to be determined by a jury, liquidated damages, together with an award of reasonable attorney's fees and costs of this action, punitive damages for the malicious and intentional conduct, equitable relief, pre-judgment interest, and for any such other and further relief as this Honorable Court deems just and proper.

J. LEWIS CROMER & ASSOCIATES L.L.C.

BY: _____

Shannon Polvi (#101837)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone: 803-799-9530
Fax: 803-799-9533

*Attorney for Plaintiff*

November 11, 2015
Columbia, South Carolina

7

**CERTIFIED MAIL**™

J. LEWIS CROMER
& ASSOCIATES L.L.C.
ATTORNEYS AND COUNSELORS AT LAW

1418 Laurel Street, Suite A
PO Box 11675
Columbia, SC 29211

7013 2250 0002 3731 9463

COLUMBIA
SC 290
18 NOV '15
PM 1 L

02 1P    $ 007.17⁵
0002673873   NOV 18 2015
MAILED FROM ZIP CODE 29201
PITNEY BOWES

Corporation Service Company
Registered Agent for Pilgrim's Pride Corporation
1703 Laurel Street
Columbia, SC 29201

29201266074