IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lucy Singleton,<br><br>    Plaintiff,<br><br>v.<br><br>Pilgrim's Pride Corporation,<br><br>    Defendant. | C/A No. 3:15-4999-JFA<br><br>**ORDER** |

**I.  INTRODUCTION**

The plaintiff, Lucy Singleton ("Singleton"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, against her former employer, Pilgrim's Pride Corporation ("Pilgrim's Pride"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to the Magistrate Judge. Thereafter, Pilgrim's Pride filed a motion for summary judgment. (ECF No. 27).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Defendant's motion for summary judgment should

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

be granted. (ECF No. 48). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on April 19, 2017, (ECF No. 53), and Defendant filed a response to those objections on May 1, 2017. (ECF No. 54). Thus, this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**II. DISCUSSION**

Here, Plaintiff has made three specific objections to the Report. In short, Plaintiff objects to the Magistrate Judge's recommendation that (1) Singleton's FMLA retaliation claim should be dismissed, (2) Singleton's ADA discrimination claim should be dismissed, and (3) Singleton's Title VII sex discrimination claim should be dismissed. (ECF No. 53 p. 1).

**A. FMLA Claim**

Singleton objects to the Magistrate Judge's recommendation that her FMLA claims should be dismissed because she "has established material facts in dispute with evidence showing that Defendant's purported reason for terminating Singleton is pretextual." (ECF No. 53 p. 2).

2

Singleton asserts that "[p]retext is established by comparators to Singleton and temporal proximity." *Id.*

Although Singleton alleges that there were similarly situated employees who were treated differently by Defendant, the Magistrate Judge correctly concluded that this was not the case. Here, Singleton alleges that other employees were labeled as a "Questionable Fit" at the same time she was, yet they were not terminated at the same time. (ECF No. 53 p. 2). However, Singleton has failed to produce evidence showing that these other employees were "similar in all relevant respects." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010). Specifically, Singleton has failed to show that these other "Questionable Fit" employees were supervisors who had been placed on a Performance Improvement Plan and were failing to meet the performance expectations as set out by the company. Moreover, temporal proximity alone is insufficient to create a genuine issue of material fact for trial. *Mercer v. Arc of Prince Georges Cty. Inc.*, 532 F.app'x 392, 399. Therefore, the Magistrate Judge, after carefully considering all the evidence presented, correctly concluded that Singleton's termination was the result of poor work performance along with a reduction in force, and these reasons were not a pretext for FMLA retaliation.

### B. ADA Claim

Next, Singleton objects to the Magistrate Judge's findings that she failed to present a *prima facie* case that Defendant failed to accommodate Singleton's disabilities. Despite this objection, Singleton has failed to identify any error in the Magistrate Judge's finding that Singleton was not disabled within the meaning of the ADA.

Singleton claimed that she suffered from right knee arthritis and pain in her right leg, as well as stress and depression from her employment with Defendant. Consequently, she requested a demotion to an hourly position. Despite these claims, the Magistrate Judge correctly concluded

that the inability to work under a particular supervisor does not constitute a disability as defined in the ADA. (ECF No. 48 p. 13–14). Additionally, Singleton failed to present evidence substantiating the allegedly disabling conditions or proving that her mental condition were more than temporary. *Id.* Moreover, Singleton failed to present any evidence suggesting that she requested the demotion to accommodate any issues with her right leg and knee. *Id.* Accordingly, Singleton failed to present a *prima facie* case for ADA discrimination and her objections to the contrary are without merit.

### C. Title VII Claim

Lastly, Singleton objects to the Magistrate Judge's recommended dismissal of the Title VII claims because the Magistrate Judge disregarded the legal arguments that Singleton's performance was assessed not by her own unsubstantiated rebuttals but by Defendant's own statistics. (ECF No. 53 p. 7). However, the Report clearly states:

> The court notes that during the hearing on this motion, Singleton argues that some of the numbers included in the two payout charts produced by the defendants represented that she was meeting some of the requirements . . . . However, Singleton's arguments were speculative and unsupported by the record. The court finds that no reasonable jury could find that these charts indicate that Singleton was meeting all of the performance goals established by the defendant at the time of her termination. (ECF No. 48 p. 9 n. 5)(internal citations omitted).

The plain language of the Report indicates that the Magistrate Judge properly considered all of the evidence presented and concluded that Singleton was not performing her job at a level that met Defendant's legitimate expectations. Therefore, Singleton's objection to the recommended dismissal of the Title VII claims is without merit.

**III.  CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 48) and **GRANTS** Defendant's motion to for summary judgment. (ECF No. 27).

IT IS SO ORDERED.

July 11, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge